WILLIAM H. THOMAS (ISB 3154)
THOMAS, WILLIAMS & PARK, LLP
225 N. 9th St., Ste. 810
P.O. Box 1776
Boise, ID  83701-1776
Telephone:  (208) 345-7800
Fax:  (208) 345-7894
wmthomas@thomaswilliamslaw.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACQUELINE ALLEN, an individual,<br><br>Plaintiff,<br>vs.<br><br>ST. LUKE'S REGIONAL MEDICAL CENTER, LTD., an Idaho Corporation,<br><br>Defendant. | **Case No.  1:18-cv-00336**<br><br>**FIRST AMENDED COMPLAINT WITH DEMAND FOR JURY TRIAL** |

Plaintiff, Jacqueline Allen ("Ms. Allen" or "Plaintiff") through her counsel, for her claims against St. Luke's Regional Medical Center, Ltd., ("Employer" or "Defendant") for her claims allege:

### I.  JURISDICTION AND VENUE

1.  This Court has original jurisdiction under 28 U.S.C. § 1331.

2.  The acts alleged occurred in Ada County, Idaho and caused the claims.  The employment practices alleged to be unlawful were committed in this jurisdiction and venue is proper in the Southern Division of the District of Idaho under 28 U.S.C. § 1391(a)(3) and under

Dist. Idaho Loc. Civ. R. 3.1.

## II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

2.  Plaintiff timely filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Idaho Human Rights Commission ("IHRC"), on November 9, 2017.  Plaintiff's charges alleged Defendant violated the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 ("ADAAA") *et seq.* and Idaho Code § 67-5901 *et seq.*

3.  Plaintiff received a Notice of Suit Rights from the EEOC on May 14, 2018 and a notice of right to sue from the IHRC on May 2, 2018.  This Complaint is filed within 90 days of these Notices.

4.  Plaintiff has exhausted all administrative remedies required by the ADA and under the laws of the State of Idaho.

## III.  THE PARTIES

5.  Plaintiff, Jacqueline Allen is an individual residing in Ada County, Idaho.

6.  Defendant, St. Luke's Regional Medical Center, Ltd., is an Idaho nonprofit corporation operating in Ada County, Idaho.

7.  St. Luke's employs over 500 people.

## IV.  FACTUAL ALLEGATIONS

8.  Plaintiff was hired in March 2015 as a certified medical assistant in Employer's rheumatology clinic as a physician's scribe.

9.  In March 2016, Plaintiff was diagnosed with anxiety/depression and narcolepsy ("Disabilities") and has undergone treatment for those Disabilities.

10.  Employer knew of Plaintiff's Disabilities.

11.  In March 2016, Plaintiff received a positive annual performance review.

12.  In June 2016, Employer reorganized the rheumatology clinic:

      12.1    Plaintiff's physician took medical leave;

      12.2    Plaintiff's manager was fired;

      12.3    The clinic was short-staffed; the work environment was stressful; and

      12.4    Plaintiff was forced to take a position for which Employer never provided training.

13.  In October 2016, Employer authorized Plaintiff to take intermittent Family and Medical Leave Act ("FMLA") leave for her serious medical conditions caused by her Disabilities.

14.  In October 2016, Plaintiff was supervised by a new manager, Genevieve Hartley ("Hartley").

15.  Plaintiff took an approved FMLA leave in January 2017.

16.  In February 2017, after returning from her FMLA leave, Plaintiff worked in a new position as back-up triage nurse in Employer's clinic in Meridian, Idaho.

17.  On March 10, 2017, Plaintiff emailed Hartley and Kate Anderson, (Plaintiff's case worker employed by Employer) to request using an FMLA leave day on March 17, 2017. Hartley and Kate Anderson approved the FMLA leave request.

18.  The week after Plaintiff's March 17, 2017 leave, Hartley suspended Plaintiff to investigate whether Plaintiff should be terminated for taking off March 17, 2017, as an FMLA leave day.

19.  On March 28, 2017, Employer terminated Plaintiff for being a "no call/no show" on March 17, 2017.

20.  On or about April 1, 2017, Plaintiff gave Employer notice she wanted to appeal her termination under Employer's "Employee Advocacy Program."

21.  Employer never responded to Plaintiff's request to appeal her termination.

22.  After March 2016, Employer never engaged in the ADAAA-required interactive process to determine what reasonable accommodation Plaintiff required for her Disabilities.

## V.  FIRST CLAIM FOR RELIEF
### Family Medical Leave Act
### Interference
### 29 U.S.C. §2915

23.  Plaintiff, Ms. Allen, alleges and incorporates the allegations in paragraph 1 to 22.

24.  Defendant qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4)

25.  Plaintiff is an "eligible employee" as the term is defined in the FMLA, 29 U.S.C. § 2611(2).

26.  Plaintiff had an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1).

27.  At all times relevant to this Complaint, Plaintiff provided Defendant timely and sufficient notice of her "serious health condition" and of Plaintiff's need and intent to take FMLA leave.

28.  During her employment, Plaintiff exercised her rights to use FMLA leave.

29.  Defendant interfered with Plaintiff's FMLA rights and entitlements by issuing disciplinary notices, suspending Plaintiff, and, ultimately, terminating her employment despite having been authorized to take FMLA leave on March 17, 2017.

30.  As a direct and proximate result of Defendant's interference with Plaintiff's rights and entitlements under FMLA, Plaintiff suffered damages in amounts to be proven.  Such

damages include, but are not limited to, past and future lost wages, salary, employment benefits, and other compensation denied or lost by Defendant's FMLA violations.  Plaintiff is entitled to interest at the prevailing rate for Plaintiff's lost wages and benefits.  Plaintiff is entitled to an additional amount as liquidated damages.

31.  Defendant's violation of Plaintiff's FMLA rights mandate that the Court, besides any judgment awarded to Plaintiff, include attorneys' fees, expert witness fees and other costs.

## VI.  SECOND CLAIM FOR RELIEF
### Negligent Infliction of Emotional Distress

32.  Plaintiff, Ms. Allen alleges and incorporates the allegations in paragraph 1 to 31.

33.  Defendant's, through the individuals identified, conduct was extreme, outrageous and reckless and such conduct caused Plaintiff extreme emotional distress.

34.  Defendant's, through the individuals identified, actions in issuing disciplinary notices without basis, retaliating against Plaintiff for exercising her right to FMLA leave, suspension from employment, and, finally, employment termination is negligent and caused such physical symptoms including but not limited to headaches and sleeplessness.

35.  As a direct and proximate result of Defendant's negligent infliction of emotional distress, Plaintiff suffered damages in an amount to be proven.

## VII.  THIRD CLAIM FOR RELIEF
### Violation of the Americans with Disabilities Act
### Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 ("ADAAA")

36.  Plaintiff, Ms. Allen alleges and incorporates the allegations in paragraph 1 to 35.

37.  Defendant's firing of Plaintiff, because Plaintiff was disabled, violated the Americans with Disabilities Act of 1994 and the Americans with Disabilities Act Amendment Act of 2008, 42 U.S.C. § 12101 *et seq.*

AMENDED COMPLAINT WITH DEMAND FOR JURY TRIAL – Page 5

38.   The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect her employment status as an employee because Defendant discriminated against Plaintiff because of her Disabilities.

39.   Plaintiff has qualified Disabilities affecting her ability to work.  Plaintiff was qualified and able to perform the duties of her job, with or without reasonable accommodation.

40.   Alternatively, Plaintiff had a record of a Disability and regarded Plaintiff as disabled.

41.   Defendant took adverse employment action, including disciplining her for absences related to her Disabilities, placing her on suspension and termination of employment.  Defendant took these adverse actions because of Plaintiff's Disabilities.

42.   Despite Defendant's knowledge of Plaintiff's Disabilities, no one at Employer engaged in the ADAAA-required interactive process to determine whether Employer could accommodate Plaintiff's actual Disabilities.

43.   Defendant failed and refused to accommodate Plaintiff's actual Disabilities.

44.   Defendant, directly and through its agents, treated Plaintiff in a disparate, discriminating and harassing manner because of her actual Disabilities, her record of Disabilities and/or her perceived Disabilities.

45.   The unlawful employment practices complained of above were intentional.

46.   The unlawful employment practices described above were committed with malice or reckless indifference for the federally-protected rights of Plaintiff.

47.   Because of Defendant's violation of the laws as alleged, Plaintiff suffered the loss of wages and the indignity, humiliation and embarrassment of being discriminated against solely because she was disabled.

AMENDED COMPLAINT WITH DEMAND FOR JURY TRIAL – Page 6

## PRAYER

**WHEREFORE**, Plaintiff respectfully request that the Court enter judgment in her favor and against Defendant, and award this relief:

a.  Entry of a judgment for Plaintiff and against Defendant for the actual and/or compensatory damages sustained by Plaintiff for violations identified and any other injury or claim that may be discovered during the discovery process for which the law holds Defendant liable and responsible in an amount to be determined by a jury;

b.  Actual and compensatory damages to include lost past and future wages; lost past and future benefits, including, but not limited to lost vacation, lost bonuses, lost sick leave, lost medical benefits, lost retirement plan, and other like employee benefits; past and continuing emotional distress, mental anguish, pain and suffering, humiliation, and enjoyment of life;

c.  Under 29 U.S.C. § 2617(a)(3), 42 U.S.C. § 12205 and I.R.C.P. Rule 54, reasonable attorneys' fees, court costs, and expert witness fees, regarding pursuing Plaintiff's rights under this cause of action; and,

d.  A judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Plaintiff respectfully demands a trial by jury on all issues.

DATED this 27th day of July, 2018.


THOMAS, WILLIAMS & PARK, LLP


_____/s/ William H. Thomas_____
William H. Thomas
Attorney for Plaintiff

AMENDED COMPLAINT WITH DEMAND FOR JURY TRIAL – Page 7